IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL RAY TURNEY,
             Plaintiff          :
                             :
             v.               : Case No. 3:11-cv-113-KRG-KAP
ERIC HOLDER, ATTORNEY GENERAL,  :
ex rel. SECRETARY OF LABOR,     :
             Defendant          :

## Report and Recommendation

### Recommendation

Defendant's motion to dismiss, docket no. 11, should be granted and the complaint dismissed without leave to amend.

### Report

Plaintiff Michael Ray Turney is an inmate at F.C.I. Loretto, serving a 120 month sentence imposed on September 28, 2010, by the District of Arizona (Honorable Susan R. Bolton), after Turney's guilty plea on March 30, 2010, to possession of unregistered destructive devices in violation of 26 U.S.C.§§ 5861(d) and 5871. Turney filed a complaint which the defendant in part misconstrues: despite the digressions in the complaint and the erroneous naming of the Attorney General as a party, this is a straightforward mandamus action against the Secretary of Labor, seeking the payment of worker's compensation benefits to Turney. See docket no. 13, Plaintiff's Brief at 4: "The D.O.L. OWCP and the B.O.P. should furnish the funds to prevent a miscarriage of justice." The defendant also suggests this court lacks jurisdiction due to 5 U.S.C.§ 8128. docket no. 12, Defendant's Brief at 12. That is incorrect: this a mandamus action, not an

action seeking a review of an award. See e.g. Garner v. Department of Labor, 221 F.3d 822 (5th Cir.2000), cert. denied, 532 U.S. 906 (2001).

Turney was an employee of the Department of Energy and was injured on the job in 1993. Turney received worker's compensation until he was incarcerated after his guilty plea, at which time the Department of Labor, which administers the Federal Employees Compensation Act, suspended payments to him pursuant to 5 U.S.C.§ 8148(b)(1).

The Secretary's cessation of benefits to Turney while he is incarcerated is pursuant to the express command of Congress. Section 8148(b)(1) classifies persons receiving compensation on the basis of their status as incarcerated or unincarcerated, and denies benefits to the former class on the theory that, unlike unincarcerated individuals, inmates do not need compensation because they do not pay for their maintenance. The classification (inmate/noninmate) is not a suspect one, so the statute is reviewed under the rational basis test, a very deferential standard. See National Federation of Independent Business v. Sebelius, 132 S.Ct. 2566, 2616-17 (2012). The statutory scheme bears a rational relationship to a permissible governmental end. That ends the suit against the Secretary of Labor, even if in his particular circumstances Turney does not have adequate access to commissary items. If Turney is not receiving adequate amenities while

incarcerated, in violation of the Eighth Amendment, that would imply liability on the part of the employees of the Bureau of Prisons responsible for keeping him in custody and therefore subjecting him to that deprivation, but no remedy would lie against the Secretary of Labor. The complaint should be dismissed without leave to amend because amendment of the complaint would be futile.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: _July 18, 2012_

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Michael Ray Turney, Reg. No. 89481-008
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940